THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. DONOHUE, Appellant.

Third Department, January 8, 1987

78

APPEARANCES OF COUNSEL

*Paul L. Gruner (Denise Y. Dourdeville* of counsel), for appellant.

*Michael Kavanagh, District Attorney (Michael Kirk* of counsel), for respondent.

**OPINION OF THE COURT**

MAIN, J.

Defendant's conviction for the crime of murder in the second degree arose from the stabbing death of William Mulligan in October 1982. The evidence presented at defendant's trial reveals, *inter alia,* that defendant and Mulligan, both admitted alcoholics, were seen together in a green van by various witnesses during the morning and afternoon of October 26, 1982. Both appeared to have been drinking. That evening, other witnesses encountered defendant alone, with blood on his hands and face. Two days later, defendant told another witness that he had once killed a man by stabbing him in the neck. On the evening of October 28, 1982, defendant was arrested on unrelated charges, and the green van he was driving proved to contain large amounts of human blood. Following an investigation, Mulligan's body was found on November 1, 1982. The cause of his death was a stab wound to the neck.

Defendant's primary contention at trial was that he was so intoxicated on the date of the murder that he could not form the intent to kill Mulligan as is required for a murder conviction. In this regard, he presented the testimony of a psychiatrist specializing in the treatment of alcoholics. He now assigns as error County Court's refusal to permit this witness to testify concerning blackout syndrome, the effect of prolonged alcoholism and their relation to the formation of intent. However, we do not find this to be reversible error. Expert testimony may be elicited concerning the ability of a defendant to form the intent to commit a crime following drug and alcohol consumption *(People v Cronin,* 60 NY2d 430, 433; *cf. People v De Sarno,* 121 AD2d 651, 654, *lv denied* 68 NY2d 769). However, an expert's opinion must represent a reasonable degree of certainty, and must not be based on supposition or speculation *(see, People v Allweiss,* 48 NY2d 40, 50; *People v Miller,* 116 AD2d 595; Richardson, Evidence § 367, at 151-152 [Prince 10th ed] [1972-1985 Cum Supp]). Here, the expert's opinions were based on witnesses' statements describing defendant's behavior, defendant's hospital records and the police investigation report, as well as one interview with defendant. Using such a basis, the expert could properly conclude, as he did, that defendant is an alcoholic. However, alcoholism itself

is not a mitigating factor with respect to commission of a crime; rather, intoxication is a mitigating factor *(cf.* Penal Law § 15.25). Unlike the situation in *Cronin,* the expert in this case apparently was not aware of the amount of alcohol defendant had consumed prior to the murder. Under such circumstances, County Court could properly conclude that the expert's testimony in this case with regard to whether defendant was so intoxicated that he could not form an intent would be based on supposition. The admissibility of expert testimony is addressed to the discretion of the trial court *(People v Cronin, supra),* and we cannot say in this case that County Court abused its discretion by refusing to permit defendant's expert to testify to the effects of blackout syndrome and alcoholism on defendant's ability to form an intent to commit a crime.

■ On the subject of intent, upon viewing the totality of the evidence and the inferences that could reasonably be drawn therefrom in a light most favorable to the People *(see, People v Johnson,* 65 NY2d 556, 561), we find that the People met their burden of proving beyond a reasonable doubt that defendant intended to kill Mulligan. According to the testimony of witnesses who saw defendant on the day in question, although defendant apparently had been drinking, he was capable of performing normal acts. His statements to witnesses that he had blood on his face and hands because he had killed a pig could be viewed as his attempt to establish an alibi, and his apparent attempt to conceal Mulligan's body by disposing of it in a wooded area could be considered evidence of an intent to commit and conceal the murder. Given this evidence, the jury could properly conclude that defendant intended to kill Mulligan.

One other issue raised by defendant deserves special attention, namely, whether County Court erred in failing to suppress certain statements made by defendant. The transcript of defendant's suppression hearing reveals that defendant was initially arrested on charges of petit larceny and criminal possession of stolen property, was read his *Miranda* rights, and was arraigned. These charges were dropped and defendant was released from the Orange County Jail for the admitted purpose of providing investigators with the opportunity to question defendant concerning Mulligan's disappearance without the presence of counsel. Defendant did make incriminating statements to the investigators and attempted to lead

them to the place where he disposed of Mulligan's body; however, he was unable to do so.

We note that, despite the fact that County Court denied defendant's motion to suppress his statements, the People never presented those statements during the course of defendant's trial. Accordingly, even if County Court erred in its ruling on the suppression motion, that ruling would not be the basis for reversal. Since the statements were never introduced at trial, they could not have the effect of denying defendant a fair trial (see, People v Parker, 90 AD2d 565, affd 60 NY2d 714). In addition, we do not find that the alleged illegally obtained statements and defendant's attempt to help locate Mulligan's body were so related to the discovery of the body that evidence concerning the location and condition of the body should be suppressed (cf. Nix v Williams, 467 US 431). Defendant apparently believed that he had disposed of Mulligan's body near the Ashokan Reservoir in Ulster County; however, a search of that area by police investigators, accompanied by defendant, proved unsuccessful. The body subsequently was found in another part of Ulster County. Under such circumstances, we cannot say that defendant's attempt to help locate Mulligan's body in one part of the county should result in the suppression of evidence concerning the body when the body was actually found in another part of the county.

We find defendant's remaining contentions to be meritless or unpreserved for appeal. With regard to the indictment, we note that the District Attorney is not required to present to the Grand Jury either mitigating defenses such as intoxication or lesser included offenses (see, People v Valles, 62 NY2d 36), and defendant may not now challenge the sufficiency of the evidence on which the indictment was based (see, CPL 210.30 [6]). Next, we find no reasonable view of the evidence under which County Court was required to charge the jury with a lesser included offense of criminally negligent homicide, since a person who fails to perceive a substantial and unjustifiable risk by reason of his intoxication acts recklessly rather than with criminal negligence (see, People v Morton, 100 AD2d 637, 639). County Court also properly instructed the jury that intent may not be inferred from the mere doing of an act and properly denied defendant's motion to dismiss one of the jurors after the jury charge, since this challenge was made after the juror was sworn and was not based on new information obtained after he was sworn (see, CPL 270.15 [4]).

We also note that the photographs introduced into evidence were not introduced solely to inflame the jury but were relevant to show that Mulligan was killed in the van defendant was driving and to show that defendant attempted to conceal the body. Finally, any misconduct committed by the prosecutor during his summation did not prejudice defendant to the extent that he was denied a fair trial *(see, People v Galloway,* 54 NY2d 396).

KANE, J. P., WEISS, LEVINE and HARVEY, JJ., concur.

Judgment affirmed.