(January 14, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH WILSON, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered April 19, 1985, upon a verdict convicting defendant of the crime of attempted murder in the second degree.

On October 10, 1984, defendant repeatedly stabbed his estranged wife with a knife. Although suffering very serious injuries, his wife survived the attack. Defendant was subsequently charged with, *inter alia,* the crime of attempted murder in the second degree. At the ensuing trial, defendant did not deny that he stabbed his wife. He attempted, however, to establish that he was so intoxicated that he did not remember the events and thus did not possess the requisite intent to commit the crime. The People presented evidence from witnesses who had observed defendant near the time of the crime. Expert testimony was elicited regarding the effect of defendant's alleged 40-day drinking binge on his capacity. The jury ultimately found defendant guilty of attempted murder in the second degree. Following sentencing, defendant appealed.

Defendant contends that County Court committed reversible error in allowing the People to introduce expert testimony regarding the effect of defendant's alcohol consumption on his capacity to perform an intentional act. The admissibility of expert testimony is addressed to the discretion of the trial court *(see, People v Keindl,* 68 NY2d 410, 422; *People v Neer,* 129 AD2d 829, 830, *lv denied* 70 NY2d 652). Among the factors considered in determining whether to admit such evidence is whether the expert has specialized knowledge which will benefit the jury *(People v Cronin,* 60 NY2d 430, 433). It is within the trial court's discretion to admit expert evidence regarding a defendant's ability to form the intent to

commit a crime after drug and alcohol consumption *(People v Donohue,* 123 AD2d 77, 79, *lv denied* 69 NY2d 879, 949). Here, defendant, testifying on his own behalf, stated that he had been drinking heavily for approximately 40 days prior to the commission of the crime. He further indicated that on the morning of the crime he had consumed "angel dust" or "acid". He claims that, as a result of his consumption of alcohol and other substances, he did not recall any of the events surrounding the commission of the crime. County Court, in the exercise of its sound discretion, did not presume that the jury would have knowledge of the combined effect of alcohol and drug abuse over an extended period of time. We conclude that the admission of expert evidence on this issue was not an abuse of discretion mandating reversal.

Defendant's remaining contentions have been considered and found either unpersuasive or unpreserved for appellate review, and not meriting reversal in the interest of justice.

Judgment affirmed. Mahoney, P. J., Weiss, Levine and Harvey, JJ., concur.