FOURTH DEPARTMENT, DECEMBER, 1996

(December 30, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISHMIEL DRUMGOOLE, Appellant. [652 NYS2d 443] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of assault in the first degree and criminal possession of a weapon in the third degree arising out of an incident in which defendant beat and stomped on his girlfriend and threatened her with a knife. Defendant was sentenced to consecutive indeterminate terms of imprisonment of 5 to 15 years on the assault count and $2^1/_3$ to 7 years on the weapon possession count.

In the main brief, defendant contends that County Court erred in discharging prospective jurors over defendant's objection; that the prosecution failed to disclose *Brady* material, i.e., prior convictions or acts of violence by the victim; that the court erred in imposing consecutive sentences; and that the court erred in summarily denying defendant's motion to set aside the verdict pursuant to CPL 330.30. In a *pro se* supplemental brief, defendant raises additional claims of alleged erroneous rulings, prosecutorial misconduct, and ineffective assistance of counsel.

Jury selection began with some preliminary remarks by the court concerning the nature of the case, the estimated length

of the trial, the possibility of overnight sequestration, and other considerations. Following those remarks, the court asked the prospective jurors whether there were any who felt that they could not serve. Over defendant's objection, the court excused 23 potential jurors who expressed that they were unable to serve.

Defendant has a right "to a particular jury chosen according to law, in whose selection he has had a voice" (*People v Ivery*, 96 AD2d 712). However, that right is subject to the broad discretion of the trial court to examine and excuse prospective jurors before voir dire (*see, People v Vargas*, 88 NY2d 363; *People v Velasco*, 77 NY2d 469, 472-473; *People v Wilson*, 106 AD2d 146, 149), and to "prevent this most time-consuming phase of a jury trial from becoming unduly protracted" (*People v Pepper*, 59 NY2d 353, 358). We conclude that the court did not abuse its discretion in excusing those potential jurors who stated that they were unable to serve.

The prosecution did not fail to disclose relevant exculpatory information in its possession (*see, Brady v Maryland*, 373 US 83). The prior convictions or violent acts of the victim, who was unable to testify, were not material to the issue of defendant's guilt or innocence absent defendant's knowledge of those acts (*see, Matter of Robert S.*, 52 NY2d 1046, 1048; *People v Miller*, 39 NY2d 543, 551). The court did not err in imposing consecutive sentences on the assault and weapon possession counts. We reject defendant's contention that the offenses were "committed through a single act or omission" (Penal Law § 70.25 [2]). The assault and the possession of the knife were separate and distinct acts punishable by consecutive sentences (*see, People v Frazier*, 212 AD2d 976, 977; *People v Manning*, 199 AD2d 621, 622-623, *lv denied* 83 NY2d 855; *People v Robbins*, 118 AD2d 820, *lv denied* 67 NY2d 949).

The court properly denied defendant's motion to set aside the verdict. To the extent that defendant's motion sought reversal on a "ground appearing in the record" (CPL 330.30 [1]), the court properly denied the motion on the ground that the moving papers are legally insufficient (*see, CPL 330.40 [2] [e] [i]). To the extent that the motion refers to matters outside the record, defendant is relegated to postconviction remedies (*see, CPL 330.30 [1]; *People v Grossfeld*, 216 AD2d 319, 320-321, *lv denied* 86 NY2d 735; *People v Leka*, 209 AD2d 723, 724, *lv denied* 85 NY2d 911).

The court did not abuse its discretion in denying the request for appointment of a psychiatric expert to aid the defense (*see, People v Mooney*, 76 NY2d 827, 828; *People v Cronin*, 60 NY2d

430, 433; *People v Wilson*, 136 AD2d 800, *lv denied* 71 NY2d 974; *People v Donohue*, 123 AD2d 77, 79-80, *lv denied* 69 NY2d 879, 949). Defendant failed to meet his burden of demonstrating the necessity and relevance of such evidence (*see*, County Law § 722-c; *People v Schneider*, 188 AD2d 754, 756-757, *lv denied* 81 NY2d 892; *People v Gallow*, 171 AD2d 1061, 1062-1063, *lv denied* 77 NY2d 995; *People v Moore*, 125 AD2d 501, 502, *lv denied* 69 NY2d 884).

The initial failure of the prosecutor to follow the procedure prescribed by CPL 200.60 was cured or rendered harmless by the procedure adopted by the parties on the opening day of trial. Prior to jury selection, defendant was shown a 1990 certificate of conviction and admitted his prior convictions "for purposes of trial strategy, so it doesn't go before the jury" (*see*, CPL 200.60 [2]). Thereafter, the People did not introduce the prior crimes as part of their direct case (*see*, CPL 200.60 [3]), and thus there was no prejudice to defendant (*see*, *People v Reid*, 232 AD2d 173; *People v Cloyce*, 220 AD2d 329, *lv denied* 87 NY2d 920).

The evidence, the law, and the circumstances of the case, viewed in totality and as of the time of the representation, establish that defense counsel provided meaningful representation (*see*, *People v Baldi*, 54 NY2d 137, 147).

We have considered the remaining contentions raised in the *pro se* supplemental brief and conclude that they duplicate contentions raised in the main brief, are based on matters outside the record, or are otherwise lacking in merit. (Appeal from Judgment of Monroe County Court, Egan, J.—Assault, 1st Degree.) Present—Denman, P. J., Lawton, Fallon, Doerr and Balio, JJ.