■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAY W. FINK, Appellant. [674 NYS2d 793] —Carpinello, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered July 16, 1996, upon a verdict convicting defendant of the crime of murder in the second degree.

The facts relevant to this appeal are more fully set forth in this Court's prior decision in *People v Keller* (246 AD2d 828). Briefly, defendant and his codefendants, Walter Hagadorn and Jack Keller, were charged with one count of intentional murder (Penal Law § 125.25 [1]) and one count of depraved indifference murder (Penal Law § 125.25 [2]) for the brutal slaying of Michael Murray in the early morning hours of August 27, 1995, in the City of Binghamton, Broome County. The trial evidence established that defendant and his companions beat Murray until he was unconscious and then Keller stabbed Murray 25 times with a screwdriver. Finally, the men dragged Murray, still breathing, into the river. Following a separate trial,* the jury returned a verdict finding defendant not guilty of intentional murder but guilty of depraved indifference murder. Defendant was sentenced to a prison term of 25 years to life and this appeal followed.

We affirm. Initially, we reject defendant's contention that the evidence was legally insufficient to convict him of depraved indifference murder (*see,* Penal Law § 125.25 [2]). "Depraved indifference is not akin to mere recklessness and generally requires conduct that is appropriately considered 'imminently

---

* Keller was separately convicted of one count of intentional murder and sentenced to 25 years to life in prison (*see, People v Keller, supra*).

dangerous and presents a grave risk of death'" (*People v Garrette*, 223 AD2d 749, 751, *lv denied* 87 NY2d 1019, quoting *People v Roe*, 74 NY2d 20, 24). In a prosecution for depraved indifference murder, the focus is "on an objective assessment of the degree of risk presented by [the] defendant's reckless conduct, not upon his subjective intent" (*People v Robinson*, 205 AD2d 836, *lv denied* 84 NY2d 831). Here, viewing the evidence, as we must, in the light most favorable to the People (*see, People v Contes*, 60 NY2d 620), we find that the People presented legally sufficient objective proof of defendant's depraved indifference to human life by showing that defendant beat Murray, did nothing to prevent the stabbing and helped Keller carry Murray, still breathing, into the river (*see, People v Garrette, supra*). Moreover, we find that neither the conviction for depraved indifference murder nor the jury's rejection of defendant's defense of duress were against the weight of the trial evidence (*see, People v Bleakley*, 69 NY2d 490, 495).

Additionally, contrary to defendant's contention, the evidence supports a finding that Murray was alive when he was placed into the river. Not only did Hagadorn testify to this fact, but defendant's own statement to the police only days after the crime (which was admitted into evidence at trial) also indicated that Murray, while helpless and unconscious, "was still making gurgling noises when [the codefendants were] dragging him in the water". Although defendant later contradicted this admission at trial, this merely created a credibility question for the jury and clearly there was legally sufficient evidence to support a conclusion by the jury that decedent's death was caused in part by drowning and defendant's participation in this act evidenced a depraved indifference to human life. The jury's acquittal of defendant on the intentional murder charge merely meant that it did not find the requisite intent for that charge (*see, People v Meehan*, 229 AD2d 715, 718, *lv denied* 89 NY2d 926), and such a finding does not render legally insufficient its verdict on the depraved indifference charge.

All remaining issues raised by defendant have been examined and found to be unpersuasive, including defendant's numerous challenges to County Court's trial rulings and jury instructions, since they are either lacking in merit or are nonprejudicial errors rendered harmless by the overwhelming evidence of defendant's guilt. Nor do we consider defendant's sentence to be harsh and excessive even though he received the same sentence as Keller (*see, People v Keller, supra*), the individual who instigated the killing and did the actual stabbing. Notably, County Court specifically considered this issue but

determined that the sentence given to Keller would not be a controlling factor in the sentencing of defendant given the court's opinion that it had been constrained from imposing a harsher sentence on Keller due to statutory guidelines. Here, given defendant's criminal history and undisputed involvement in this brutal and senseless crime, we do not find that the sentence imposed was an abuse of County Court's discretion (*see, People v Hicks*, 189 AD2d 1039, *lv denied* 81 NY2d 887).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.