■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAVELL R. JONES, Appellant. [725 NYS2d 691] —Rose, J. Appeal from a judgment of the County Court of Albany County (Bres-

lin, J.), rendered July 6, 1999, upon a verdict convicting defendant of the crimes of murder in the second degree (two counts), burglary in the first degree, robbery in the first degree, robbery in the second degree and intimidating a witness in the third degree.

Defendant's convictions arise out of two violent incidents at Erik Mitchell's apartment in the City of Albany. In the first incident on October 4, 1996, defendant, Matt Parsons, Zakee Abdul-Hameed, Pierre Lyons and Carl "Haniff" Dukes forced their way into Mitchell's apartment and rendered helpless the two persons present by binding and gagging them, spraying mace in their faces and striking one with a pistol. In addition to robbing those victims, defendant and his companions stole property belonging to Mitchell, who was not present. In the second incident on February 28, 1997, defendant allegedly returned to the apartment with Lyons and Dukes to dissuade Mitchell from testifying regarding the earlier robbery. When Mitchell proved uncooperative, Dukes shot him in the head, ultimately causing his death. In October 1997, defendant was apprehended in New York City on unrelated charges and then taken to Albany where he was interrogated and charged in connection with both incidents at Mitchell's apartment.

At the ensuing trial, the jury found defendant guilty of burglary in the first degree, robbery in the first degree and robbery in the second degree in connection with the first incident, and of two counts of murder in the second degree (felony murder and depraved indifference murder) and intimidating a witness in the third degree in connection with the second incident. County Court sentenced defendant to concurrent prison terms of 12½ to 25 years on the first degree robbery and first degree burglary convictions, 7½ to 15 years on the second degree robbery conviction and 1⅓ to 4 years on the intimidating a witness conviction, such terms to run consecutively with concurrent terms of 25 years to life on the murder convictions. Defendant appeals.

Defendant first contends that his oral and written statements were improperly admitted at trial because they were procured after he was represented by Legal Aid on the New York City charges. The record, however, contains no evidence that defendant met with an attorney regarding those charges or that the detectives investigating the Albany incidents were aware of the representation alleged by defendant. At the suppression hearing, Albany detective Anthony Ryan testified that he did not know that a Legal Aid representative had interviewed defendant and defendant never notified him of repre-

sentation by Legal Aid. Deborah Conrad, a New York City Assistant District Attorney, testified that defendant's intake interview had been with someone from a court agency solely for the purpose of ascertaining his eligibility for Legal Aid representation. According to defendant's own testimony, the interview occurred while he was in a holding cell, lasted only 10 minutes, and consisted of questions relating only to his financial and family status. There is no evidence that Legal Aid did anything to accept his case or represent him. Thus, County Court did not err in finding that defendant was not represented by an attorney when the police questioned him regarding the Albany charges (*see, People v West*, 81 NY2d 370, 377; *People v Ruff*, 81 NY2d 330, 333; *People v Kazmarick*, 52 NY2d 322; *People v Blanchard*, 279 AD2d 808).

Defendant argues that his statements also were involuntary because the police avoided his arraignment in New York City to prevent him from meeting with an attorney, and then deprived him of food and sleep for approximately 33 hours before procuring his statements through coercion and deception. The record, however, shows that the New York City charges were abandoned due to insufficient evidence and in light of the more serious Albany charges. As a result, no arraignment would have taken place regardless of police conduct and defendant was not deceived by the promise that those charges would be dropped. Defendant's contention that a lack of food and sleep rendered his statements involuntary also is without merit. The record indicates that defendant had opportunities to eat and sleep, and that after two hours of sleep and an additional reading of his *Miranda* rights, defendant confessed to his involvement in the murder and typed his own statement. Although defendant contradicted the detectives' account of the trip to Albany and the interrogations, County Court, which had the benefit of viewing witnesses and weighing credibility, rejected his account. Affording great deference to this factual finding, we conclude that County Court properly denied the motion to suppress (*see, People v Ruger*, 279 AD2d 795; *People v Blanchard, supra; People v Guillery*, 267 AD2d 781, *lv denied* 94 NY2d 920; *People v May*, 263 AD2d 215, *lv denied* 94 NY2d 950).

Defendant's next contention, that the prosecutor made numerous prejudicial remarks impugning the credibility of defendant and defense witnesses and provoked defendant to an emotional outburst after touching him in the presence of the jury, is without merit. Despite the factual recitations in defendant's brief, there is no record evidence that the prosecu-

tor touched him or that his counsel objected to the prosecutor's conduct on that basis at that time. Viewed as a whole, the prosecutor's summation represented fair commentary on the evidence and witnesses as well as rebuttal of defendant's version of the events and defense counsel's summation (*see, People v Ashwal*, 39 NY2d 105, 109; *People v Corniel*, 258 AD2d 812, 815, *lv denied* 93 NY2d 968). Absent evidence of a "flagrant and pervasive pattern of prosecutorial misconduct," a new trial is unwarranted (*People v Demming*, 116 AD2d 886, 887, *lv denied* 67 NY2d 941; *see, People v Brown*, 252 AD2d 835, 836, *lv denied* 92 NY2d 923).

We also reject defendant's challenge to the weight of the trial evidence on the charges of depraved indifference murder and felony murder. Defendant's written statement that he accompanied Dukes and Lyons to prevent Mitchell from testifying and the independent evidence that Mitchell was shot to death establish that defendant intended to intimidate a witness (*see*, Penal Law § 215.15) and that the killing occurred in the course of that felony (*see*, Penal Law § 125.25 [3]; *see also, People v Safian*, 46 NY2d 181, 186, *cert denied sub nom. Miner v New York*, 443 US 912; *People v Barcomb*, 256 AD2d 926, *lv denied* 94 NY2d 798). Evidence need not corroborate every detail of a confession, but only confirm the occurrence of a crime (*see, People v Lipsky*, 57 NY2d 560, 563; *People v Daniels*, 37 NY2d 624, 629; *People v Morgan*, 246 AD2d 686, *lv denied* 91 NY2d 975). The People's evidence satisfied this minimal requirement and, although defendant testified to the contrary and produced alibi witnesses, it was within the jury's province to assess their credibility and reject their testimony (*see, People v Dolphy*, 257 AD2d 681, 685, *lv denied* 93 NY2d 872; *People v Rose [Cousins]*, 215 AD2d 875, 876, *lvs denied* 86 NY2d 793, 801).

The evidence also demonstrates that defendant, although aware of the shooting, left the premises without doing anything to assist Mitchell and that Mitchell survived for a period of time thereafter. This sustains the conviction for depraved indifference murder (*see*, Penal Law § 125.25 [2]; *People v Fink*, 251 AD2d 751, 752, *lv denied* 92 NY2d 924; *see also, People v Garrette*, 223 AD2d 749, *lv denied* 87 NY2d 1019). Thus, it cannot be said that the verdict was clearly against the weight of the evidence, and we decline to disturb it (*see, People v White*, 261 AD2d 653, 656, *lv denied* 93 NY2d 1029; *People v Perron*, 172 AD2d 879, 880, *lv denied* 77 NY2d 999).

Defendant's remaining contentions also lack merit. First, we perceive no error in County Court's decision, upon the People's

motion, to give a missing witness charge if defendant failed to call his then girlfriend, Sakina Mitchell, as an alibi witness. Given her relationship to defendant and alleged presence alone with him on the day of the shooting, we find that she could have offered noncumulative testimony favorable to the defense, thus justifying the missing witness charge (*see, People v Gonzalez*, 68 NY2d 424; *People v Rogers [Rodgers]*, 247 AD2d 765, 767, *lvs denied* 91 NY2d 976, 977). Second, we find no merit in defendant's unpreserved challenge to County Court's use in its jury charge on reasonable doubt of the phrase "one that leaves your mind in such a state of suspense or uncertainty that you cannot say that you're convinced of defendant's guilt." The use of the words "state of suspense" in the context of an otherwise proper charge sufficiently conveys the concept of reasonable doubt (*see, People v Williams*, 252 AD2d 823, *lv denied* 92 NY2d 1040; *People v Zebrowski*, 198 AD2d 716, 720-721, *lv denied* 83 NY2d 812; *People v Miller*, 194 AD2d 230, *lv denied* 83 NY2d 913). Finally, despite defendant being 21 years old at the time of the incidents and his minimal criminal history, the circumstances and brutal nature of the crimes and the fact that the sentence fell within statutory limits lead us to conclude that a reduction in the sentence is not warranted (*see, People v Johnson*, 277 AD2d 702, 707-708; *People v Smith*, 272 AD2d 713, 716, *lv denied* 95 NY2d 871; *People v Journey*, 260 AD2d 863, 864; *People v Dolphy*, 257 AD2d 681, 685, *supra*).

Cardona, P. J., Mercure, Carpinello and Mugglin, JJ. concur. Ordered that the judgment is affirmed.