■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES T. ROSS, Also Known as DIVINE, Appellant. [826 NYS2d 769]—

Lahtinen, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered December 22, 2004, upon a verdict convicting defendant of the crimes of murder in the second degree, criminal possession of a weapon in the third degree and endangering the welfare of a child (three counts).

The tumultuous relationship of defendant and his girlfriend,

---

marked by frequent fighting, ended violently when defendant stabbed her six times causing her death. Witnesses included some of her young children, one of whom called 911. When police arrived, her seven-year-old son was asking defendant why he had killed his mother, to which defendant reportedly responded, "She deserved it." In statements to police, defendant contended that the victim had attacked him and cut his hand with a knife, they then fell to the floor wrestling, after which he stood up and left the house.

Defendant was charged with numerous crimes, including murder in the second degree. At the ensuing trial, defendant requested a jury charge for manslaughter in the first degree based upon his contentions that he did not intend to murder the victim and that the affirmative defense of extreme emotional disturbance applied. County Court granted the request for a manslaughter charge based upon a purported lack of the requisite intent, but denied the request to charge extreme emotional disturbance. The jury found him guilty of murder in the second degree, criminal possession of a weapon in the third degree and three counts of endangering the welfare of a child. He was sentenced to consecutive prison terms of 25 years to life for murder and $3^{1}/_{2}$ to 7 years for criminal possession of a weapon, and one-year jail terms on each of the endangering counts, to run concurrently with each other and with the murder sentence. Defendant appeals.

Defendant argues that, by delaying the swearing of jurors until the end of the final round of jury selection, County Court violated CPL 270.15 (2). To properly preserve this issue, a timely objection is necessary (*see People v Quinones*, 18 AD3d 330, 331 [2005], *lv denied* 5 NY3d 809 [2005]), which affords the trial court an opportunity to promptly address the error (*see generally People v Lopez*, 71 NY2d 662, 665 [1988]). Not only was there no objection, defendant expressly agreed to and even praised County Court's approach to jury selection. Under such circumstances, and with no showing that this procedure resulted in prejudice to defendant, we decline to consider the unpreserved issue in the interest of justice.

Next, defendant contends that County Court erred in refusing to instruct the jury as to the affirmative defense of extreme emotional disturbance. Extreme emotional disturbance, which is a mental infirmity not rising to the level of insanity, is comprised of both objective and subjective elements (*see People v Roche*, 98 NY2d 70, 75-76 [2002]; *see also People v Smith*, 1 NY3d 610, 612 [2004]; *People v White*, 79 NY2d 900, 903 [1992]). The affirmative defense does not negate the element of intent

to cause death (*see* Penal Law § 125.20 [2]), but instead reflects that "[t]he Legislature has recognized that some intentional homicides may result from 'an understandable human response deserving of mercy' " (*People v Harris*, 95 NY2d 316, 318 [2000], quoting *People v Casassa*, 49 NY2d 668, 680-681 [1980], *cert denied* 449 US 842 [1980]). Defendant has the burden of establishing the defense by a preponderance of the evidence (*see People v Roche, supra* at 75). In considering whether the defense should be charged, the trial court views the evidence "in the light most favorable to the defendant" (*People v Harris, supra* at 320). However, "[i]n the absence of the requisite proof, an extreme emotional disturbance charge should not be given because it would invite the jury to engage in impermissible speculation concerning [the] defendant's state of mind at the time of the homicide" (*People v Roche, supra* at 76; *see People v Walker*, 64 NY2d 741, 743 [1984]).

Here, the record reveals that the theory pursued by defendant at trial was that he did not have the requisite intent to sustain a murder conviction. He contended that this was a domestic dispute in which the victim instigated the physical aspect of it. County Court recognized this and provided him with the requested reduced charge of manslaughter under Penal Law § 125.20 (1). Defendant did not call any witnesses and the proof he relied upon from the People's case as supporting the affirmative defense—including a "love" letter he wrote the month before this incident, the history of the troubled relationship of defendant and the victim, and the victim's involvement with a new boyfriend—arguably reflected a basis for the presence of anger and jealousy by defendant. But anger and jealousy do not entitle a defendant to an extreme emotional disturbance charge (*see People v Walker, supra* at 743; *People v Tulloch*, 179 AD2d 794, 795 [1992], *lv denied* 79 NY2d 1008 [1992]; *People v Knights*, 109 AD2d 910, 911 [1985]; *Zamora v Phillips*, 2006 WL 2265079, *7, 2006 US Dist LEXIS 55434, *21-24 [ED NY Aug. 8, 2006]; *see also People v Roche, supra* at 78). We are unpersuaded that County Court's refusal to charge extreme emotional disturbance was error.

Finally, as to defendant's argument that the sentences for the murder conviction and weapon conviction should have been imposed concurrently, the People have conceded that defendant is correct (*see* Penal Law § 70.25 [2]; *People v Hamilton*, 4 NY3d 654, 658 [2005]).

Cardona, P.J., Mugglin and Rose, JJ., concur. Ordered that the judgment is modified, on the law, by directing that defendant's sentences for murder in the second degree and criminal posses-

sion of a weapon in the third degree shall run concurrently rather than consecutively, and, as so modified, affirmed.