## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  October 23, 2014                    104488
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

RANDY P. FOOTE,
                        Appellant.
_____

Calendar Date:  September 3, 2014

Before:  Peters, P.J., Lahtinen, Garry, Rose and Clark, JJ.

_____

        Randolph V. Kruman, Cortland, for appellant.

        Gerald F. Mollen, District Attorney, Binghamton (Peter N. DeLucia of counsel), for respondent.

_____

Rose, J.

        Appeal from a judgment of the County Court of Broome County (Cerio Jr., J.), rendered May 5, 2011, convicting defendant following a nonjury trial of the crime of arson in the second degree.

        Defendant was charged with arson in the second degree and found guilty following a nonjury trial at which he asserted the affirmative defense of mental disease or defect.  County Court sentenced him to a prison term of nine years with five years of postrelease supervision.  He now appeals.

County Court's determination to reject defendant's affirmative defense was not against the weight of the evidence.[1] Specifically, defendant contends that his expert's opinion on the issue of his criminal responsibility should have been accepted because his expert spent more time testing him. We will not disturb the trier of facts' determination, however, as we can find no "serious flaw" in the reliance by the People's expert on his own three-hour interview of defendant and his review of the relevant records, including defendant's medical records and statements to the police (People v Demagall, 114 AD3d 189, 197 [2014], lv denied 23 NY3d 1035 [2014]; see People v Langenbach, 38 AD3d 1105, 1105 [2007], lv denied 9 NY3d 866 [2007]; People v Bolarinwa, 258 AD2d 827, 831-832 [1999], lv denied 93 NY2d 1014 [1999]).

Nor can we agree that defendant was absent from material stages of the trial. Although a sidebar conference occurred outside his presence during trial and County Court held a telephone conference with the attorneys regarding scheduling, defendant has not established that either event implicated "a matter where his 'presence could have [had] a substantial effect on [his] ability to defend against the charges'" (People v Tubbs, 115 AD3d 1009, 1011 [2014], quoting People v Velasquez, 1 NY3d 44, 47 [2003] [internal quotation marks and citation omitted]; see CPL 260.20; People v Harris, 99 NY2d 202, 212 [2002]).

Defendant's contention that a competency examination should have been ordered during the trial is also without merit. A criminal defendant is presumed competent to stand trial and the determination of whether to order a competency examination rests within the trial court's sound discretion (see People v Dowling, 92 AD3d 1034, 1034 [2012], lv denied 18 NY3d 993 [2012]; People v Daley, 302 AD2d 745, 746 [2003]). The record does not reflect

---

[1] Although defendant's challenge to the legal sufficiency of the evidence was not properly preserved for our review (see People v Hawkins, 11 NY3d 484, 493 [2008]; People v Lane, 7 NY3d 888, 889 [2006]), we will consider all of the proof under our weight of the evidence review (see People v Simmons, 115 AD3d 1018, 1019 [2014]).

whether the illness that afflicted defendant during the trial was mental or physical. Nevertheless, defendant assured County Court that he could think clearly and that his ability to discuss the case with his attorney was not affected by the medication that he was taking. Under the circumstances, we find no abuse of discretion in County Court's failure to order a CPL article 730 exam (see People v Dowling, 92 AD3d at 1034-1035; People v McFarren, 83 AD3d 1209, 1210 [2011], lv denied 17 NY3d 860 [2011]; People v Daley, 302 AD2d at 746). For the same reasons, we reject defendant's contention that counsel's failure to request a competency examination rendered his assistance ineffective (see People v Lafoe, 75 AD3d 663, 664 [2010], lv denied 15 NY3d 953 [2010]).

Defendant's remaining claims of error by counsel, considered alone or together, do not rise to the level of ineffective assistance. Considering the totality of the circumstances, we have no difficulty in reaching the conclusion that counsel's representation was meaningful (see People v Baldi, 54 NY2d 137, 147 [1981]; People v Hammond, 107 AD3d 1156, 1156 [2013]; People v Vargas, 60 AD3d 1236, 1239-1240 [2009], lv denied 13 NY3d 750 [2009]).

Peters, P.J., Lahtinen, Garry and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court