*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 22, 2015                    103930
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

GERRY A. KING,
                        Appellant.
_____

Calendar Date:  November 12, 2014

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

_____

        Barrett D. Mack, Albany, for appellant, and appellant
pro se.

        James Sacket, District Attorney, Schoharie (Michael L.
Breen of counsel), for respondent.

_____

Clark, J.

        Appeal from a judgment of the County Court of Schoharie
County (Bartlett III, J.), rendered December 22, 2010, upon a
verdict convicting defendant of the crime of murder in the second
degree.

        On November 15, 2009, defendant drove to the home of his
stepfather (hereinafter the victim) and beat him to death.
Defendant was apprehended two days later in Connecticut, at which
time he confessed to assaulting the victim.  He was charged in an
indictment with murder in the second degree and, following a jury
trial, was found guilty as charged.  County Court sentenced
defendant to a prison term of 25 years to life, and defendant now
appeals.

We affirm.  Defendant contends that the jury's verdict was not supported by legally sufficient evidence and, moreover, was against the weight of the evidence.  A person is guilty of murder in the second degree when, "[w]ith intent to cause the death of another person, he [or she] causes the death of such person or of a third person" (Penal Law § 125.25 [1]).  Defendant admittedly assaulted the victim, but contends that he was intoxicated at the time of the murder and did not intend to cause the victim's death.  As an initial matter, defendant's generalized motion to dismiss failed to preserve his legal sufficiency claim for our review, but we will nevertheless assess whether all elements of the charged crime were proven in the context of our weight of the evidence analysis (see People v Rodriguez, 121 AD3d 1435, 1436 [2014]; People v Gaudiosi, 110 AD3d 1347, 1348 [2013], lv denied 22 NY3d 1040 [2013]).  In conducting that review, we note that the requisite intent to kill "may be inferred from a defendant's actions and [the] surrounding circumstances" (People v Ford, 90 AD3d 1299, 1300 [2011], lv denied 18 NY3d 994 [2012]; accord People v Kenyon, 108 AD3d 933, 937-938 [2013], lv denied 21 NY3d 1075 [2013]).  Moreover, "[w]hether an individual's level of intoxication negates the element of intent to commit a crime lies within the domain of the jury as the trier of fact" (People v Keller, 246 AD2d 828, 829 [1998], lv denied 91 NY2d 1009 [1998]; see People v Beaty, 22 NY3d 918, 921 [2013]).

Defendant drank several beers prior to attacking the victim, but he prepared dinner and drove to the victim's residence to commit the attack without incident, and several individuals who interacted with him did not perceive him to be very drunk (see People v Donohue, 123 AD2d 77, 81 [1987], lv denied 69 NY2d 879 [1987]).  Multiple witnesses also testified that defendant had a longstanding dislike for, and had repeatedly threatened to harm or kill, the victim.  Indeed, defendant told one trial witness on the day of the murder that he was going to "take care of" the victim and, when he returned from the victim's residence, stated that he had "finally [done] it" and killed the victim.  Defendant then, instead of summoning the authorities, engaged in elaborate efforts to conceal his involvement in the crime and fled the state.  The jury could readily infer from this evidence that defendant was capable of forming the intent to cause the victim's death and, in fact, had done so.  Defendant

testified to the contrary, asserting that he was drunk when he went to the victim's residence and had a very spotty recollection of what had occurred there.  The jury plainly did not believe defendant's version of events, however, and, deferring to its credibility determinations, we find that the verdict was not against the weight of the evidence (see People v Kenyon, 108 AD3d at 938; People v Keller, 246 AD2d at 829; see also People v Donohue, 123 AD2d at 81).

Defendant next asserts that County Court erred in refusing to charge the jury on the affirmative defense of extreme emotional disturbance.  That defense would have permitted the jury to find defendant guilty of first degree manslaughter if he proved "by a preponderance of the evidence that the homicide was committed while [he] was 'under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse'" (People v Gonzalez, 22 NY3d 539, 544-545 [2014], quoting Penal Law § 125.25 [1] [a]; see People v Pavone, 117 AD3d 1329, 1331 [2014], lv granted 24 NY3d 963 [2014]).  County Court was obliged to grant defendant's request for the charge if, viewing the evidence in the light most favorable to defendant, "the jury could reasonably conclude . . . that, at the time of the homicide, the defendant 'was affected by an extreme emotional disturbance, and that the disturbance was supported by a reasonable explanation or excuse rooted in the situation as he [or she] perceived it'" (People v Gonzalez, 22 NY3d at 545, quoting People v McKenzie, 19 NY3d 463, 466 [2012]).  "That said, evidence demonstrating a defendant's high degree of self-control or the planned and deliberate character of the underlying attack, as well as any postcrime conduct suggesting that the defendant was in full command of his or her faculties and had consciousness of guilt, is entirely inconsistent with an extreme emotional disturbance defense" (People v Pavone, 117 AD3d at 1332 [internal quotation marks and citations omitted]).

Defendant had long been angry over his perceptions that the victim had dishonored his mother's memory and had behaved in a sexually inappropriate manner with various family members, but anger, without more, "do[es] not entitle a defendant to an extreme emotional disturbance charge" (People v Ross, 34 AD3d 1124, 1126 [2006], lvs denied 8 NY3d 879, 884 [2007]; see People

v Wells, 101 AD3d 1250, 1254 [2012], lv denied 20 NY3d 1066 [2013]).  Indeed, defendant had often expressed his desire to harm or kill the victim and deliberately traveled to the victim's residence to confront him on the day of the murder, all of which suggests that the attack was a planned one.  That the attack was premeditated was also suggested by the testimony of the pathologist who performed an autopsy on the victim and found no evidence of "overkill," wherein a perpetrator inflicts injuries far beyond those required to kill.  Defendant further acted rationally in the aftermath of the attack, repeatedly returning to the victim's residence to retrieve items that could be linked to him and to wipe away any fingerprints he left there, destroying or instructing others to conceal clothing that he had worn during the attack, and then fleeing the state.  Indeed, far from being agitated after the attack, at least one individual who observed defendant during that period described him as "calm." In short, even when viewed in the light most favorable to defendant, the evidence demonstrates that defendant behaved in a planned and deliberate manner and was not "acting out of 'extreme mental trauma' or 'extremely unusual and overwhelming stress' when he killed" the victim (People v Moronta, 96 AD3d 418, 420 [2012], lv denied 20 NY3d 987 [2012], quoting People v Irizarry, 199 AD2d 180, 181 [1993], lv denied 83 NY2d 872 [1994]; see People v Ross, 34 AD3d at 1126).  County Court, as a result, properly declined to instruct the jury with regard to the extreme emotional disturbance defense.

Next, defendant asserts that he was deprived of the effective assistance of counsel in various respects.  He first argues that trial counsel should have called an expert witness to assist in establishing his intoxication.  The failure to call such a witness does not constitute ineffective assistance.  Here, "expert testimony was not required to prove the intoxication defense, and defendant now offers little more than speculative assertions that an expert's testimony would have supported it" (People v Muller, 57 AD3d 1113, 1114 [2008], lv denied 12 NY3d 761 [2009]).  Defendant's further claim that trial counsel should have consulted with a medical expert with regard to his extreme emotional disturbance defense fails for the same reasons (see People v Alston, 298 AD2d 702, 703-704 [2002], lvs denied 99 NY2d 554, 555 [2002]; People v Ahl, 243 AD2d 985, 986-987 [1997],

lv denied 91 NY2d 868 [1997]). The remaining claims of error advanced by defendant in his pro se brief do not rise to the level of ineffective assistance of counsel, and our review of the record as a whole confirms that he received meaningful representation (see People v Foote, 121 AD3d 1292, 1293-1294 [2014]).

Defendant's contention that County Court failed to adequately respond to a jury request for further instruction during deliberations is unpreserved for our review, and we discern no reason to take corrective action in the interest of justice (see People v Green, 119 AD3d 23, 30 [2014], lv denied 23 NY3d 1062 [2014]). Lastly, we have examined and are unpersuaded by defendant's claim that the sentence imposed was harsh and excessive.

McCarthy, J.P., Egan Jr. and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court