# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

406

KA 14-01535

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

JEFFERY MILLER, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KELLY CHRISTINE WOLFORD OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered November 29, 2012. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, assault in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by directing that all of the sentences imposed shall run concurrently and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, murder in the second degree (Penal Law § 125.25 [1]) and assault in the second degree (§ 120.05 [6]). Supreme Court directed that the sentences for murder in the second degree and assault in the second degree were to run consecutively to each other, and concurrently to the sentences for the other crimes of which defendant was convicted.

Defendant contends that the court erred in refusing to instruct the jury on the affirmative defense of extreme emotional disturbance (EED defense) (*see* Penal Law § 125.25 [1] [a]). We reject that contention. The EED defense "requires proof of a subjective element, that defendant acted under an extreme emotional disturbance, and an objective element, that there was a reasonable explanation or excuse for the emotional disturbance" (*People v Smith*, 1 NY3d 610, 612; *see People v Gonzalez*, 22 NY3d 539, 545; *People v Moye*, 66 NY2d 887, 890). Even assuming, arguendo, that defendant established the subjective element, we conclude that defendant failed to establish that there was a reasonable explanation or excuse for the emotional disturbance. The only explanation offered by defendant was that the victim, with whom

defendant had once been romantically involved, did not wish to reconcile or have any contact with defendant and had begun dating another individual. In our view, defendant's explanation was "patently insufficient" (*People v McKenzie*, 19 NY3d 463, 468-469), inasmuch as "anger and jealousy do not entitle a defendant to an extreme emotional disturbance charge" (*People v Ross*, 34 AD3d 1124, 1126, *lv denied* 8 NY3d 884). We thus conclude that the EED defense was properly excluded from consideration by the jury.

As the People correctly concede, the court erred in directing that the sentence for the count of assault in the second degree run consecutively to the sentence imposed on the count of murder in the second degree because the murder was the predicate felony for the felony assault (*see* Penal Law § 70.25 [2]; *People v Williams*, 275 AD2d 967, 967). We therefore modify the judgment by directing that all sentences shall run concurrently.

Entered:  March 24, 2017                                    Frances E. Cafarell
                                                          Clerk of the Court