People v Swanton (2026 NY Slip Op 00714)

People v Swanton

2026 NY Slip Op 00714

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, GREENWOOD, NOWAK, AND HANNAH, JJ.

911 KA 24-00801

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vSTEPHEN E. SWANTON, DEFENDANT-APPELLANT. 

FRANK POLICELLI, UTICA, FOR DEFENDANT-APPELLANT.
JEFFREY S. CARPENTER, DISTRICT ATTORNEY, HERKIMER, FOR RESPONDENT. 

 Appeal from a judgment of the Herkimer County Court (John H. Crandall, J.), rendered May 9, 2024. The judgment convicted defendant upon a jury verdict of murder in the second degree, assault in the first degree and criminal use of a firearm in the first degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by directing that all of the sentences imposed shall run concurrently and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1]), assault in the first degree (§ 120.10 [4]), and two counts of criminal use of a firearm in the first degree (§ 265.09 [1] [a], [b]). County Court directed that the sentences for murder in the second degree and assault in the second degree were to run consecutively to each other, and concurrently with the sentences for the other crimes of which defendant was convicted.
Contrary to defendant's contention, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). In particular, contrary to defendant's contention, the jury's rejection of the justification defense is not contrary to the weight of the evidence (see People v Hollis, 219 AD3d 1686, 1688-1689 [4th Dept 2023], lv denied 40 NY3d 1039 [2023]). The jury could reasonably have found, based on the testimony of the People's witnesses and the physical evidence, that the victims were not using or attempting to use deadly physical force when defendant shot them (see generally People v St. John, 215 AD3d 1267, 1268 [4th Dept 2023], lv denied 40 NY3d 999 [2023]).
We agree with defendant, however, that the court erred in directing that the sentence for the count of assault in the first degree run consecutively to the sentence imposed on the count of murder in the second degree because the murder was the predicate felony for the felony assault (see Penal Law § 70.25 [2]; People v Brown, 204 AD3d 1390, 1394 [4th Dept 2022], lv denied 39 NY3d 985 [2022]; People v Miller, 148 AD3d 1689, 1690 [4th Dept 2017], lv denied 29 NY3d 1083 [2017]). We therefore modify the judgment by directing that all of the sentences imposed shall run concurrently.
We have reviewed defendant's remaining contentions and conclude that none warrants reversal or further modification of the judgment.
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court