■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MORGAN, Appellant.—Judgment, Supreme Court, Bronx County (Ira Globerman, J.), rendered July 26, 1989, convicting defendant, after a jury trial, of attempted murder in the second degree, and sentencing him as a violent felony offender to an indeterminate prison term of from twelve and one-half to twenty-five years, unanimously affirmed.

The complainant sustained severe injuries, including multiple fractures and the loss of one eye, as a result of a brutal beating by the defendant. Defendant contended that the complainant was under the influence of crack and violently attacked him with a hammer.

At the conclusion of defendant's testimony, the court granted defense counsel an adjournment until the following Wednesday to call a witness whose proffered testimony was to be that defendant knew that the complainant attempted to use voodoo to control defendant's behavior. The following Wednesday, the witness failed to appear at trial. Concluding that the proffered testimony was not relevant to issues at trial, the Trial Court required defense counsel to proceed to summation.

The court properly found that the proffered testimony of the prospective defense witness was immaterial to defendant's justification defense. First, defendant's own testimony did not place before the jury the issue of whether defendant feared the complainant because of her use of voodoo. Second, as a matter of law, the complainant's use of voodoo was not relevant to defendant's justification defense since voodoo is not "physical force" as defined by Penal Law § 35.15. Under these circumstances, the court acted well within its discretion in refusing to grant an adjournment to enable defendant to call the prospective witness to testify *(People v Foy, 32 NY2d 473)*.

Furthermore, defendant's sentence as a second violent felony offender was proper. It was unnecessary to hold a hearing on the constitutionality of defendant's prior conviction, as the

court properly discerned that defendant's challenge was not to the constitutionality of his prior plea, but to the impropriety of his sentence (CPL 400.15 [4]). Also, there is no merit to defendant's contention that his sentence should be vacated in the interest of justice on the ground that the predicate felony statement does not indicate under which subdivision of Penal Law § 265.02 defendant was previously convicted. The indictment under which defendant was convicted indicates that defendant was charged with violent felonies under Penal Law § 265.02 (4). Finally, under the particular circumstances of this case, counsel's inactivity at sentencing did not constitute ineffective assistance of counsel *(People v Baldi,* 54 NY2d 137).

We have reviewed defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Carro, Rosenberger, Kupferman and Rubin, JJ.