■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SHANE ANDREWS, Respondent. [809 NYS2d 318]—

Appeal from an order of the Oswego County Court (Walter Hafner, Jr., J.), dated May 9, 2005. The order granted that part of defendant's omnibus motion seeking dismissal of the indictment pursuant to CPL 210.20 (1) (c).

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law, that part of the motion seeking dismissal of the indictment is denied, the

indictment is reinstated and the matter is remitted to Oswego County Court for further proceedings on the indictment.

Memorandum: The People appeal from an order granting that part of defendant's omnibus motion seeking dismissal of the indictment. Defendant was charged therein with assault in the second degree (Penal Law § 120.05 [2]) and criminal possession of a weapon in the fourth degree (§ 265.01 [2]). In dismissing the indictment, County Court concluded that the prosecutor's instructions to the grand jury on the defense of justification with respect to the charge of assault in the second degree were incomplete and thus impaired the integrity of the grand jury proceedings, requiring dismissal of the indictment. That was error. The victim testified that defendant stabbed him in the bicep and that the knife blade penetrated his arm and punctured his chest. As a result of the stabbing, the victim sustained, inter alia, a gaping wound and severed tendons, requiring surgical repair and resulting in impairment of the function of his arm. Because the victim thus sustained a serious physical injury within the meaning of Penal Law § 10.00 (10) as a matter of law, the prosecutor properly instructed the grand jury on the defense of justification with respect to the use of deadly physical force (see § 10.00 [11]; § 35.15 [2] [a]) and not with respect to the use of ordinary physical force (§ 35.15 [1]; see People v Mothon, 284 AD2d 568, 569 [2001], lv denied 96 NY2d 865 [2001]; People v Davis, 118 AD2d 206, 209-210 [1986], lv denied 68 NY2d 768 [1986]; cf. People v Jones, 148 AD2d 547, 548-549 [1989]). We further conclude that the court's additional criticisms of the prosecutor's instructions with respect to the defense of justification do not warrant dismissal of the indictment. Those instructions "were not as complete as the court's charge on justification should be, but they sufficiently apprised the Grand Jury of the existence and requirements of that defense to allow it to intelligently decide that there is sufficient evidence tending to disprove justification and necessitating a trial" (People v Goetz, 68 NY2d 96, 115-116 [1986]; see People v Calbud, Inc., 49 NY2d 389, 393-395 [1980]). Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Pine and Hayes, JJ.