■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL L. KINDRED, Appellant. [876 NYS2d 177]—

Kane, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered July 26, 2007, upon a verdict convicting defendant of the crimes of attempted murder in the second degree, assault in the second degree, reckless endangerment in the first degree and criminal possession of a weapon in the second degree.

When responding to a report which turned out to be unfounded, police encountered defendant, talked with him and learned that he was on parole. Shortly thereafter, and only a short distance away, defendant pulled out a gun and fired four or five shots at two men walking down the street, striking one of them in the leg. The police recognized one victim's description of the shooter as similar to defendant. After locating defendant, they arrested him for parole violations, took him to the

police station for questioning, then arrested him in connection with the shooting. Following trial, a jury convicted him of attempted murder in the second degree, assault in the second degree, reckless endangerment in the first degree and criminal possession of a weapon in the second degree. County Court sentenced defendant to an aggregate prison term of 25 years with five years of postrelease supervision. Defendant appeals.

County Court properly denied defendant's motion to suppress his clothing that was seized after he was arrested. Although defendant contends that the arrest for parole violations was a ruse, a senior parole officer authorized the issuance of a parole detainer based upon defendant's violations of several conditions of parole. He was taken into custody on that basis. After the police conducted further investigation into the shooting incident, they arrested defendant for crimes related to that as well. Only after he was twice arrested and booked on those charges did the police remove defendant's shirts and secure them as evidence. As this evidence was gathered incident to lawful arrests, the court appropriately denied suppression (*see People v Whitehead*, 23 AD3d 695, 696 [2005], *lv denied* 6 NY3d 840 [2006]; *People v Ebron*, 275 AD2d 490, 491 [2000], *lv denied* 95 NY2d 934 [2000]; *People v White*, 138 AD2d 863, 865-866 [1988], *lv denied* 72 NY2d 914 [1988]).

Defendant's convictions were based upon legally sufficient evidence and not against the weight of the evidence. The two victims identified defendant as the individual who pulled out a gun and shot at them as they ran away, with a bullet tearing through the leg of one victim. The identification testimony by two eyewitnesses, who saw the shooter from approximately six feet away, was sufficient to support the charges (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). In contrast, the defense pointed out inconsistencies in the witnesses' testimony and the lack of forensic testing on defendant or the alleged weapon, and defendant testified that he was not involved in the incident. Giving deference to the jury's credibility determinations, however, we find that the jury's verdict was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643-644 [2006]; *People v Young*, 51 AD3d 1055, 1056 [2008], *lv denied* 11 NY3d 796 [2008]; *People v Zindle*, 48 AD3d 971, 973 [2008], *lv denied* 10 NY3d 846 [2008]; *People v Lind*, 20 AD3d 765, 767 [2005], *lv denied* 5 NY3d 830 [2005]).

County Court did not err in admitting evidence of uncharged crimes. Evidence concerning prior uncharged crimes may not be admitted to show a defendant's criminal propensity, but may be admissible to prove an aspect of the crime, such as the identity

of the perpetrator, if the probative value of the evidence outweighs its potential prejudice (*see People v Blair*, 90 NY2d 1003, 1004-1005 [1997]; *People v Alvino*, 71 NY2d 233, 241-242 [1987]). To admit evidence of an uncharged crime on the issue of identity, however, clear and convincing evidence must establish that the defendant was the perpetrator of the other crime (*see People v Robinson*, 68 NY2d 541, 544-545 [1986]). Similarly, evidence of an uncharged crime is unnecessary and inadmissible on the issue of identity if the defendant's identity in the case on trial is conclusively established (*see People v Robinson*, 68 NY2d at 547-548). Uncharged crime evidence related to identity should be admitted only where the perpetrator's identity is truly in controversy (*see People v Robinson*, 68 NY2d at 548; *People v Condon*, 26 NY2d 139, 142 [1970]).

Here, the People introduced evidence of phone calls made from the jail where defendant was housed to the home of one of the victims. The caller identified himself with defendant's first name and threatened the victim's family if the victim testified. Jail records showed that numerous phone calls were made to the victim's residence from the tier where defendant was housed, that the calls changed to a different tier when defendant moved to that tier, and the dates of the calls coincided with events in this criminal case. The woman who answered the one completed call testified about the threats and that she did not know any other inmate on the tier. This evidence clearly and convincingly established that defendant made the threatening calls or that they were made at his behest. Although two eyewitnesses testified that defendant was the shooter, misidentification was the main defense. Thus, as identity was hotly contested, evidence that defendant attempted to intimidate or threaten a witness was admissible to establish the perpetrator's identity (*see People v Robinson*, 68 NY2d at 547-548; *People v Condon*, 26 NY2d at 142; *see also People v Arafet*, 54 AD3d 517, 520 [2008], *lv granted* 11 NY3d 859 [2008]).

We decline to consider defendant's arguments concerning the prosecutor's summation, as they were not preserved by objection at trial (*see People v Blair*, 32 AD3d 613, 614 [2006]; *People v Ruiz*, 8 AD3d 831, 832 [2004], *lv denied* 3 NY3d 711 [2004]). Based upon defendant's criminal history, including two prior felony convictions, and the random and violent nature of this offense, County Court's sentence was not harsh or excessive (*see People v Levy*, 52 AD3d 1025, 1028-1029 [2008]). Defendant's remaining arguments have been reviewed and found unpersuasive.

Cardona, P.J., Rose and Stein, JJ., concur. Ordered that the judgment is affirmed.