■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK W. STUBBS, Appellant. [910 NYS2d 829]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered December 20, 2006. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: On appeal from a judgment convicting him following a jury trial of robbery in the second degree (Penal Law § 160.10 [2] [b]), defendant contends that Supreme Court erred in admitting evidence with respect to a prior robbery committed by defendant in 1993 and a prior attempted robbery committed by defendant in 1997 (hereafter, prior crimes). We agree. We reject the contention of the People that the evidence was properly admitted to establish the identity of defendant based on his modus operandi (*see generally People v Molineux*, 168 NY 264, 293-294, 313-317 [1901]). We conclude that defendant's method of committing the prior crimes, i.e., traveling to a retail establishment as a passenger in a motor vehicle and threatening the cashier at that establishment with the use of a nonexistent gun, "was not 'sufficiently unique to be probative on the issue of identity' " (*People v Pittman*, 49 AD3d 1166, 1167 [2008], quoting *People v Beam*, 57 NY2d 241, 252 [1982]). Although the prior crimes and the robbery at issue herein were similar to the extent that they were committed on the same road, albeit in different political subdivisions, that fact alone does not render the modus operandi unique. As the Court of Appeals has held, " 'the naked similarity of . . . crimes proves nothing' " (*People v Robinson*, 68 NY2d 541, 549 [1986], quoting *Molineux*, 168 NY at 316). In addition, we conclude that the prejudicial effect of the evidence concerning the prior crimes outweighed its probative value (*see generally People v Hudy*, 73 NY2d 40, 55, *abrogated on other grounds by Carmell v Texas*, 529 US 513 [2000]).

We reject the further contention of the People that the error in admitting evidence of the prior crimes is harmless. Although an employee of the store in question stood "face to face" with

the perpetrator, she was not asked to identify defendant at trial, and she acknowledged that she informed the police that she was 90% certain that an individual other than defendant was the perpetrator. Another prosecution witness who observed the perpetrator and spoke to him prior to the crime was unable to identify defendant at trial. Thus, although there was strong circumstantial evidence connecting defendant to the robbery, it cannot be said that such proof was overwhelming and that there is no significant probability that defendant would have been acquitted but for the evidence concerning the prior crimes (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

In light of our decision, we need not address defendant's remaining contention. Present—Centra, J.P., Fahey, Peradotto, Lindley and Green, JJ.