# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**422**
**KA 16-01514**
PRESENT: WHALEN, P.J., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                         MEMORANDUM AND ORDER

TIMOTHY JOYCE, DEFENDANT-APPELLANT.

---

BRUCE R. BRYAN, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered October 26, 2015. The judgment convicted defendant, upon a jury verdict, of assault in the first degree and criminal possession of a weapon in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentences imposed for assault in the first degree (Penal Law § 120.10 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [1] [b]) to determinate terms of imprisonment of 10 years, and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of assault in the first degree (Penal Law § 120.10 [1]) and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]). Defendant's contention that the evidence is legally insufficient to establish that he committed assault in the first degree is not preserved for our review (*see People v Gray*, 86 NY2d 10, 19) and, in any event, is without merit (*see generally People v Bleakley*, 69 NY2d 490, 495). Defendant's intent to cause serious physical injury may be inferred from the evidence that he fired a weapon directly at the victim from a close range (*see generally People v Brown*, 120 AD3d 954, 956, *lv denied* 24 NY3d 1118; *People v Marquez*, 49 AD3d 451, 451, *lv denied* 10 NY3d 936). The evidence also is legally sufficient to establish that the victim sustained serious physical injury (*see* Penal Law § 10.00 [10]), inasmuch as the victim testified that the shooting resulted in the loss of movement in his arm, which persisted for one year after the incident, as well as the necessity of surgery to repair the arm with a bone graft, metal, and screws (*see People v Lake*, 301 AD2d 432, 433, *lv denied* 99 NY2d 656; *see also People v Andrews*, 24 AD3d 1184, 1185; *People v Irwin*, 5 AD3d 1122, 1123, *lv denied* 3 NY3d 642).

Moreover, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Even assuming, arguendo, that a different verdict would not have been unreasonable, we conclude that, " 'on this record, it cannot be said that the jury failed to give the evidence the weight it should be accorded' " (*People v Lawrence*, 141 AD3d 1079, 1082, *lv denied* 28 NY3d 1029). With respect to the charges of criminal possession of a weapon in the second degree, we reject defendant's contention that the verdict is against the weight of the evidence on the ground that his possession of the gun was justified under a theory of temporary lawful possession (*see generally People v Holmes*, 129 AD3d 1692, 1694-1695, *lv denied* 26 NY3d 968).

We also reject defendant's contention that Supreme Court erred in precluding defendant from offering testimony concerning the actions committed by one of defendant's neighbors prior to the shooting. The neighbor's alleged actions were not relevant to a justification defense inasmuch as they did not establish any reasonable basis for defendant to believe that the neighbor, or the victim, would use physical force against defendant or his wife (*see generally People v Morgan*, 172 AD2d 414, 414, *lv denied* 78 NY2d 971). Even assuming, arguendo, that defendant feared the victim because of some past conduct by the neighbor, we conclude that, inasmuch as the alleged confrontations with the neighbor occurred years prior to this incident, they are too remote in time to be relevant to defendant's justification defense (*see People v Grady*, 40 AD3d 1368, 1372-1373, *lv denied* 9 NY3d 923).

We further reject defendant's contention that the court erred in refusing to instruct the jury on the defense of justification with respect to the use of nondeadly physical force. Although defendant may have aimed the gun at the victim's raised arm, such action constituted deadly physical force regardless of where defendant aimed the weapon inasmuch as defendant fired a loaded weapon at the victim from a close range (*see generally People v Magliato*, 68 NY2d 24, 29-30; *People v Haynes*, 133 AD3d 1238, 1239, *lv denied* 27 NY3d 998).

Defendant's contention that the court improperly questioned a witness in response to a juror note is not preserved for our review (*see* CPL 470.05 [2]; *People v Brown*, 120 AD3d 1545, 1545-1546, *lv denied* 24 NY3d 1082), and we decline to exercise our power to address that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject defendant's contention that the submission of the juror note during the testimony of a witness established that the jurors engaged in premature deliberations, inasmuch as there is nothing in the record to indicate that the juror who wrote the note had engaged in disqualifying conduct.

Finally, we agree with defendant, that, in light of his age, his lack of a prior criminal record and other mitigating circumstances, the sentence is unduly harsh and severe. As a matter of discretion in the interest of justice, we therefore modify the judgment by reducing

the sentences imposed for assault in the first degree (Penal Law § 120.10 [1]) and for criminal possession of a weapon in the second degree (§ 265.03 [1] [b]) to determinate terms of imprisonment of 10 years (*see* CPL 470.15 [6] [b]).