Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered June 5, 2013. The judgment convicted defendant, upon a jury verdict, of assault in the first degree.
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
 

 Memorandum: On appeal from a judgment convicting him following a jury trial of assault in the first degree (Penal Law § 120.10 [1]), defendant contends that the evidence of serious physical injury is legally insufficient to support the conviction. We reject that contention. Serious physical injury, as defined in the Penal Law, “means physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ” (§ 10.00 [10]). Here, the stab wound inflicted by defendant to the victim’s left arm and elbow resulted in protracted impairment inasmuch as it caused the victim to be unable to extend the arm for several months after the attack, and extensive surgery was required to repair the injury (see People v Joyce, 150 AD3d 1632, 1633 [4th Dept 2017]; People v Heyliger, 126 AD3d 1117, 1119 [3d Dept 2015], lv denied 25 NY3d 1165 [2015]; People v Rice, 90 AD3d 1237, 1238 [3d Dept 2011], lv denied 18 NY3d 961 [2012], denied reconsideration 19 NY3d 966 [2012]). Moreover, the stall wound inflicted by defendant to the webbing of the victim’s hand resulted in nerve damage to her thumb, causing permanent numbness (see People v Willock, 298 AD2d 161, 162 [1st Dept 2002], lv denied 99 NY2d 566 [2002]).
 

 Defendant contends that he was denied effective assistance of counsel on the ground that, during summation, defense counsel conceded that defendant had caused serious physical injury to the victim. We reject that contention inasmuch as defendant failed to demonstrate the “ ‘absence of strategic or other legitimate explanations’ ” for making that concession (People v Benevento, 91 NY2d 708, 712 [1998]). Indeed, by acknowledging that the victim suffered serious physical injury in light of compelling evidence of the same, defense counsel directed the jury’s attention elsewhere, i.e., to whether the People established the element of intent.
 

 We reject defendant’s further contention in his pro se supplemental brief that Supreme Court abused its discretion in refusing to allow the testimony of a witness concerning circumstantial evidence that the victim may have sexually abused her son on prior occasions. Such testimony was irrelevant and unnecessary inasmuch as it would not have established the defense of justification, i.e., that, at the time of the stabbing, defendant reasonably believed that it was necessary to use physical force to defend the child from the use or imminent use of unlawful physical force (see generally People v Goetz, 68 NY2d 96, 105-106 [1986]).
 

 Present—Smith, J.P., Carni, DeJoseph, NeMoyer and Curran, JJ.