People v Newsome (2020 NY Slip Op 00942)





People v Newsome


2020 NY Slip Op 00942


Decided on February 7, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND BANNISTER, JJ.


124 KA 15-02014

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HENRY J. NEWSOME, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BENJAMIN L. NELSON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered October 20, 2015. The judgment convicted defendant upon a jury verdict of burglary in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of burglary in the third degree (Penal Law § 140.20), we agree with defendant that Supreme Court erred in admitting in evidence testimony that defendant had committed a theft years prior to the instant offense on the grounds that it was relevant to establish defendant's intent, identity based on modus operandi, and absence of mistake. Inasmuch as defendant's identity was "conclusively established" by the evidence at trial (People v Condon, 26 NY2d 139, 142 [1970]; see People v Kindred, 60 AD3d 1240, 1242 [3d Dept 2009], lv denied 12 NY3d 926 [2009]), the testimony regarding the prior theft was not properly admitted to establish the identity of defendant based on his modus operandi (see generally People v Denson, 26 NY3d 179, 185 [2015]). Further, that testimony was not properly admitted to demonstrate intent because " [e]vidence of prior criminal acts to prove intent will often be unnecessary, and therefore should be precluded even though marginally relevant, where[, as here,] intent may be easily inferred from the commission of the act itself' " (People v Valentin, 29 NY3d 150, 156 [2017]). The testimony was also not relevant to absence of mistake (see generally Denson, 26 NY3d at 185), and thus it was error to admit it. Nevertheless, we conclude that any error with respect to the admission of that testimony was harmless inasmuch as the evidence of defendant's guilt is overwhelming and there is no significant probability that defendant would have been acquitted but for the error (cf. People v Stubbs, 78 AD3d 1665, 1665-1666 [4th Dept 2010]; see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Entered: February 7, 2020
Mark W. Bennett
Clerk of the Court