People v Everett (2020 NY Slip Op 02728)





People v Everett


2020 NY Slip Op 02728


Decided on May 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2020

Manzanet-Daniels, J.P., Mazzarelli, Gesmer, Moulton, JJ.


11454 4005/11

[*1] The People of the State of New York, Respondent,
v
Daniel Everett, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Svetlana M. Kornfeind of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Christopher P. Marinelli of counsel), for respondent.



Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered May 14, 2012, convicting defendant, after a jury trial, of murder in the second degree, two counts of assault in the first degree, and two counts of criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 32 years to life, unanimously affirmed.
The court properly granted the People's reverse-Batson application (see People v Kern, 75 NY2d 638 [1990], cert denied 498 US 824 [1990]). Initially, we note that the People made a strong prima facie case of discrimination, which is relevant to the issue of pretext (see People v Hecker, 15 NY3d 625, 660 [2010]), and that defense counsel generally gave unpersuasive explanations for her challenges to other panelists not at issue on appeal. The record supports the court's finding that the race-neutral reasons provided by defense counsel for the peremptory challenge at issue were pretextual. Because findings of pretext are based primarily on the court's assessment of counsel's credibility, they are entitled to great deference (see Snyder v Louisiana, 552 US 472, 477 [2008]; People v Hernandez, 75 NY2d 350, 356 [1990], affd 500 US 352 [1991]). To the extent defense counsel's objection to the juror in question was based on his youth, it was unpersuasive, because unchallenged panelists were equally young. To the extent it was based on his alleged hesitation in answering a question about willingness to acquit, the trial court was in the best position to evaluate whether the prospective juror in fact hesitated and the significance of any such hesitation (see e.g. People v Martinez, 284 AD2d 157 [1st Dept 2001]). Because counsel failed to specifically claim that the court improperly applied the standard for determining for-cause challenges, that claim is unpreserved (see People v Richardson, 100 NY2d 847, 853 [2003]; People v Smocum, 99 NY2d 418, 423-424 [2003]), and we decline to review it in the interest of justice. As an alternate holding, we reject it on the merits. When viewed in the context of the colloquy, the court's description of the panelist at issue as "unequivocal" was a rejection of the defense claim that the panelist was hesitant.
Defendant's argument that the convictions of depraved indifference murder and assault were against the weight of the evidence is unavailing (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Defendant fired numerous gunshots into a crowd, killing a 13-year-old boy and wounding two others. Firing into a crowd is a "[q]uintessential example[]" of depraved indifference (People v Suarez, 6 NY3d 202, 214 [2005]), and the totality of the evidence supports the inference that defendant did not merely act recklessly. Although defendant casts his arguments primarily in terms of weight of the evidence, to the extent he is also claiming the evidence was legally insufficient to establish guilt beyond a reasonable doubt, that claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits.
Defendant, who objected only on a ground not pursued on appeal, failed to preserve his claim that the probative value of phone calls in which defendant solicited someone to intimidate [*2]witnesses was outweighed by the potential for prejudice, or his claim that the court erred in failing to give a limiting instruction. We decline to review these claims in the interest of justice. As an alternative holding, we find no basis for reversal. The evidence at issue was highly probative of defendant's consciousness of guilt, was not cumulative to other evidence, and was not so prejudicial as to warrant its exclusion.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2020
CLERK