People v Felong (2021 NY Slip Op 01901)





People v Felong


2021 NY Slip Op 01901


Decided on March 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


257 KA 15-02013

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHRISTOPHER M. FELONG, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Christopher S. Ciaccio, J.), rendered October 28, 2015. The judgment convicted defendant upon a jury verdict of assault on a police officer, assault in the second degree, unauthorized use of a vehicle in the second degree, aggravated unlicensed operation of a motor vehicle in the second degree and resisting arrest. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of assault in the second degree and dismissing count two of the indictment, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault on a police officer (Penal Law
§ 120.08), assault in the second degree (§ 120.05 [3]), unauthorized use of a vehicle in the second degree (§ 165.06), resisting arrest
(§ 205.30), and aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2] [a] [i]). The charges arose from an incident in which defendant, who was operating a stolen vehicle, fled from a traffic stop and one of the responding officers injured his knee when he jumped over a fence while pursuing him.
Viewing the evidence in light of the elements of assault on a police officer as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict on that count is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We reject defendant's contention that the conviction of assault on a police officer is against the weight of the evidence with respect to the element of causation. Where, as here, a defendant's flight "naturally induces a police officer to engage in pursuit, and the officer is killed [or injured] in the course of that pursuit, the causation element of the crime will be satisfied" (People v Britt, 132 AD3d 1254, 1254 [4th Dept 2015], lv denied 26 NY3d 1108 [2016] [internal quotation marks omitted]; see People v Carncross, 14 NY3d 319, 325 [2010]; People v Cipollina, 94 AD3d 1549, 1550 [4th Dept 2012], lv denied 19 NY3d 971 [2012]). We likewise reject defendant's contention that the conviction of assault on a police officer is against the weight of the evidence with respect to the element of serious physical injury. " 'Serious physical injury' means physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]). Here, the credible evidence established that the officer's injury required arthroscopic knee surgery to reconstruct the ACL as well as a partial lateral meniscectomy; that the officer was completely disabled for almost 10 months; and that, at the time of trial two years after the incident, his range of motion remained restricted and he was no longer able to participate in certain activities. Based on that evidence, the jury was justified in finding beyond a reasonable doubt that the officer suffered a serious physical injury (see People v Hilton, 166 AD3d 1316, 1318-1319 [3d Dept 2018], lv denied 32 NY3d 1205 [2019]; see also People v Johnson, 50 AD3d 1537, 1538 [4th Dept 2008], [*2]lv denied 10 NY3d 935 [2008]; see generally Danielson, 9 NY3d at 349).
We agree with defendant, however, that assault in the second degree is an inclusory concurrent count of assault on a police officer. Counts are concurrent when "concurrent sentences only may be imposed in case of conviction thereon," and such counts "are 'inclusory' when the offense charged in one is greater than any of those charged in the others and when the latter are all lesser offenses included within the greater" (CPL 300.30 [3], [4]). Here, concurrent sentencing was required inasmuch as the same conduct formed the basis of each count (see People v Couser, 28 NY3d 368, 375-376 [2016]) and, as charged here, assault in the second degree is a lesser included offense of assault on a police officer (see CPL 1.20 [37]; see generally People v Glover, 57 NY2d 61, 63-64 [1982]). Thus, that part of the judgment convicting defendant of assault in the second degree must be reversed and count two of the indictment dismissed (see People v Box, 181 AD3d 1238, 1242-1243 [4th Dept 2020], lv denied 35 NY3d 1025 [2020], cert denied — US — [Jan. 11, 2021]), and we therefore modify the judgment accordingly.
The sentence is not unduly harsh or severe. We note, however, that the certificate of conviction incorrectly reflects that defendant was convicted of aggravated unlicensed operation of a motor vehicle in the first degree, and it therefore must be amended to reflect that defendant was convicted of aggravated unlicensed operation of a motor vehicle in the second degree (see People v Cooper, 136 AD3d 1397, 1398 [4th Dept 2016], lv denied 27 NY3d 1067 [2016]).
Entered: March 26, 2021
Mark W. Bennett
Clerk of the Court