People v Brown (2022 NY Slip Op 02655)

People v Brown

2022 NY Slip Op 02655

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, WINSLOW, AND BANNISTER, JJ.

57 KA 17-01071

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVONTAE BROWN, DEFENDANT-APPELLANT. 

DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered April 7, 2017. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree, criminal possession of a weapon in the second degree, assault in the first degree and assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by directing that the sentence imposed on count three of the indictment shall run concurrently with the sentence imposed on count one of the indictment, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of robbery in the first degree (Penal Law
§ 160.15 [4]), criminal possession of a weapon in the second degree
(§ 265.03 [3]), assault in the first degree (§ 120.10 [4]), and assault in the second degree (§ 120.05 [6]), under a theory of accomplice liability (see § 20.00). The conviction arises from defendant's gunpoint robbery and shooting of two victims in their vehicle during an ostensible marihuana purchase arranged by his codefendant, who was convicted of the same charges (see People v Davis, 177 AD3d 1323, 1323 [4th Dept 2019], lv denied 35 NY3d 969 [2020]).
Defendant's contention that Supreme Court erred in admitting in evidence the recordings of two jail telephone calls is preserved for our review only with respect to the first recorded call (see CPL 470.05 [2]; People v Bennett, 94 AD3d 1570, 1570-1571 [4th Dept 2012], lv denied 19 NY3d 994 [2012], reconsideration denied 19 NY3d 1101 [2012]). In any event, we conclude that defendant's contention is without merit in all respects. The recorded calls, which "tended to establish that defendant and the codefendant were acquaintances," were relevant inasmuch as "persons are more likely to commit crimes with acquaintances than strangers" (Davis, 177 AD3d at 1324 [internal quotation marks omitted]). Moreover, contrary to defendant's assertions, the recorded calls were not cumulative to other evidence (see People v Everett, 183 AD3d 417, 419 [1st Dept 2020], lv denied 35 NY3d 1065 [2020]), and their probative value was not "substantially outweighed by the danger that [the evidence would] unfairly prejudice the other side or mislead the jury" (People v Scarola, 71 NY2d 769, 777 [1988]; see People v Boyd, 159 AD3d 1358, 1362 [4th Dept 2018], lv denied 31 NY3d 1145 [2018]; People v McIntosh, 158 AD3d 1289, 1291 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]). We note that the court's limiting instruction minimized any prejudice to defendant (see Boyd, 159 AD3d at 1362).
We reject defendant's contention that he was denied effective assistance of counsel. Defendant failed to meet his burden of establishing " 'the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" (People v Benevento, 91 NY2d 708, 712 [1998]).
Next, defendant contends that the evidence is legally insufficient to establish his identity [*2]as a perpetrator of the offenses on the grounds that the eyewitness identification testimony was flawed and the prosecution lacked DNA or other forensic evidence to corroborate the eyewitness testimony. That contention is preserved for our review inasmuch as defendant's motion for a trial order of dismissal at the close of the People's case was " 'specifically directed' at the alleged error" now advanced on appeal (People v Gray, 86 NY2d 10, 19 [1995]), and defendant renewed his motion at the close of all the proof (cf. People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]). Nonetheless, defendant's contention lacks merit. "Legal sufficiency review requires that we view the evidence in the light most favorable to the prosecution, and, when deciding whether a jury could logically conclude that the prosecution sustained its burden of proof, [w]e must assume that the jury credited the People's witnesses and gave the prosecution's evidence the full weight it might reasonably be accorded" (People v Allen, 36 NY3d 1033, 1034 [2021] [internal quotation marks omitted]; see People v Hampton, 21 NY3d 277, 287-288 [2013]; People v Delamota, 18 NY3d 107, 113 [2011]). Viewed in that light, we conclude that the evidence—including the identification testimony of the two victims, who each had a close view of defendant during the incident, identified the perpetrator as defendant from review of his social media profile shortly after the incident, and provided an in-court identification of defendant at trial—is legally sufficient to establish defendant's identity as a perpetrator of the offenses (see People v Spencer, 191 AD3d 1331, 1331-1332 [4th Dept 2021], lv denied 37 NY3d 960 [2021]; People v Perkins, 160 AD3d 1455, 1455 [4th Dept 2018], lv denied 31 NY3d 1151 [2018]; People v Kindred, 60 AD3d 1240, 1241 [3d Dept 2009], lv denied 12 NY3d 926 [2009]). Furthermore, given the direct and circumstantial evidence of defendant's identity, the lack of forensic evidence does not render the evidence legally insufficient (see generally People v Randolph, 180 AD3d 716, 717 [2d Dept 2020], lv denied 35 NY3d 1048 [2020]; People v Wilson, 71 AD3d 1333, 1335 [3d Dept 2010]; Kindred, 60 AD3d at 1241).
Defendant failed to preserve for our review his further contention that the evidence is legally insufficient to support the conviction of assault in the first degree with respect to the serious physical injury element, inasmuch as he did not specifically raise that issue in his motion for a trial order of dismissal (see Gray, 86 NY2d at 19; People v Moses, 197 AD3d 951, 953 [4th Dept 2021], lv denied 37 NY3d 1097 [2021], reconsideration denied 37 NY3d 1163 [2022]; People v Wright, 41 AD3d 1221, 1222 [4th Dept 2007], lv denied 9 NY3d 928 [2007]). In any event, that contention lacks merit. Here, the female victim testified that the shooting necessitated immediate and follow-up surgeries to repair her arm and hand with hardware and a tendon transfer, with additional surgery planned, and resulted in numbness and an inability to use her fingers for common tasks, as well as the need to wear a splint to keep her fingers straight and prevent her hand from clawing, all of which persisted at the time of trial over 1½ years after the shooting. Despite the absence of medical proof, we conclude that the evidence is legally sufficient to establish that the female victim sustained serious physical injury in the form of protracted impairment of the function of a bodily organ (see Penal Law § 10.00 [10]; People v Joyce, 150 AD3d 1632, 1633 [4th Dept 2017], lv denied 31 NY3d 1118 [2018]; see also People v Baker, 156 AD3d 1485, 1485 [4th Dept 2017], lv denied 31 NY3d 981 [2018], reconsideration denied 31 NY3d 1145 [2018]).
Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence with respect to defendant's identity as a perpetrator (see People v Thomas, 176 AD3d 1639, 1640 [4th Dept 2019], lv denied 34 NY3d 1082 [2019]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Even assuming, arguendo, that a different verdict would not have been unreasonable, we cannot conclude that the jury failed to give the evidence the weight it should be accorded (see Thomas, 176 AD3d at 1640; see generally Bleakley, 69 NY2d at 495). Indeed, the "[i]ssues of identification and credibility, including the weight to be given to inconsistencies in testimony, were properly considered by the jury[,] and there is no basis for disturbing its determinations" (Thomas, 176 AD3d at 1640 [internal quotation marks omitted]). Additionally, given the relative strength of the victims' identifications, and the corroborating circumstantial evidence that defendant and codefendant were acquaintances who acted in concert to set up and execute the robbery of the victims, we reject defendant's contention that the lack of forensic evidence renders the verdict against the weight of the evidence (see Kindred, 60 AD3d at 1241; People v Lunetta, 38 AD3d 1303, 1305 [4th Dept 2007], lv denied 8 NY3d 987 [2007]). We also reject defendant's contention that the conviction of assault in the first degree is against the weight of the evidence with respect to the element of serious physical injury (see People v Felong, 192 [*3]AD3d 1664, 1665-1666 [4th Dept 2021], lv denied 37 NY3d 955 [2021]; see generally Joyce, 150 AD3d at 1633).
Defendant contends that the court erred in directing that the sentence on the count of assault in the first degree (assault of the female victim) run consecutively to the sentence imposed on the count of assault in the second degree (assault of the male victim). We reject that contention. Here, our review of the record—including the evidence that three or four shots were fired, each of which constituted a separate and distinct act (see People v McKnight, 16 NY3d 43, 49 [2010]), as well as the circumstances surrounding the shooting such as the timing of the shots relative to the victims' positions in the vehicle and the locations of their injuries—"establishes that there was a sufficient factual basis for the court to conclude that the victims were wounded by different bullets, thereby supporting the imposition of consecutive sentences in connection with the assault convictions" (People v Rivera, 262 AD2d 31, 31 [1st Dept 1999], lv denied 93 NY2d 1025 [1999]; see People v Munnerlyn, 193 AD3d 981, 983 [2d Dept 2021], lv denied 37 NY3d 973 [2021]; People v Holmes, 92 AD3d 957, 957 [2d Dept 2012], lv denied 19 NY3d 961 [2012]; cf. People v Banks, 181 AD3d 973, 977 [3d Dept 2020], lv denied 35 NY3d 1025 [2020]; People v Jones, 41 AD3d 507, 508-509 [2d Dept 2007], lv denied 9 NY3d 877 [2007]).
We also reject defendant's contention that the court erred in directing that the sentence on the count of assault in the first degree run consecutively to the sentence imposed on the count of criminal possession of a weapon in the second degree. Here, we conclude that the record supports the inference that "there was a completed possession of the firearm for purposes of [Penal Law § ] 265.03 (3) before defendant [entered the vehicle], and thus consecutive sentences were permissible" (People v Redmond, 182 AD3d 1020, 1023 [4th Dept 2020], lv denied 35 NY3d 1048 [2020]; see People v Brown, 21 NY3d 739, 751 [2013]; People v Ellison, 151 AD3d 1905, 1906 [4th Dept 2017], lv denied 30 NY3d 949 [2017]; People v Evans, 132 AD3d 1398, 1398-1399 [4th Dept 2015], lv denied 26 NY3d 1087 [2015]).
We agree with defendant, however, that the court erred in directing that the sentence on the count of assault in the first degree run consecutively to the sentence imposed on the count of robbery in the first degree because the robbery was the predicate felony for the felony assault (see Penal Law § 70.25 [2]; People v Miller, 148 AD3d 1689, 1690 [4th Dept 2017], lv denied 29 NY3d 1083 [2017]). Inasmuch as "[t]he felony upon which felony assault is predicated is a material element of that crime," the sentence imposed on the count of assault in the first degree must run concurrently with the sentence imposed on the count of robbery in the first degree (People v Ahedo, 229 AD2d 588, 589 [2d Dept 1996], lv denied 88 NY2d 964 [1996]; see People v Plume, 145 AD3d 1469, 1472 [4th Dept 2016]; see generally People v Parks, 95 NY2d 811, 814-815 [2000]). We therefore modify the judgment accordingly.
Finally, the sentence as modified is not unduly harsh or severe.
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court