Matter of Brown v Annucci (2024 NY Slip Op 05675)

Matter of Brown v Annucci

2024 NY Slip Op 05675

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, NOWAK, AND KEANE, JJ.

633 CA 23-01661

[*1]IN THE MATTER OF DAVONTAE BROWN, PETITIONER-APPELLANT,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, ROSSANA ROSADO, AS COMMISSIONER OF NEW YORK STATE DIVISION OF CRIMINAL JUSTICE SERVICES, AND DIANE H. HOLFORD, AS SENTENCING REVIEW COORDINATOR, DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION OFFICE OF SENTENCING REVIEW, RESPONDENTS-RESPONDENTS. 

DAVID J. PAJAK, ALDEN, FOR PETITIONER-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (RACHEL RAIMONDI OF COUNSEL), FOR RESPONDENTS-RESPONDENTS. 

 Appeal from a judgment (denominated order) of the Supreme Court, Wyoming County (Michael M. Mohun, A.J.), entered May 31, 2023, in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the petition is reinstated, and the petition is granted.
Memorandum: Petitioner appeals from a judgment that dismissed his petition in a proceeding pursuant to CPLR article 78 to compel respondent New York State Department of Corrections and Community Supervision (DOCCS) to recalculate certain sentences to run concurrently. We reverse.
Petitioner was previously convicted under indictment No. 2015-0584S (indictment) of robbery in the first degree (Penal Law § 160.15 [4] [count 1]), criminal possession of a weapon in the second degree (§ 265.03 [3] [count 2]), assault in the first degree (§ 120.10 [4] [count 3]), and assault in the second degree (§ 120.05 [6] [count 4]). Supreme Court (Boller, A.J.) sentenced petitioner, as relevant, to 12 years' imprisonment on count 1, 12 years' imprisonment on count 2, 10 years' imprisonment on count 3, and 7 years' imprisonment on count 4. The court directed that the sentences imposed on counts 1, 2, and 4 would run concurrently with each other and that the sentence imposed on count 3 would run consecutively to the sentences imposed on counts 1, 2, and 4, for an aggregate sentence of 22 years' incarceration. On direct appeal, petitioner raised multiple legal challenges to the consecutive sentencing. This Court rejected petitioner's arguments that the sentence on count 3 could not legally run consecutively to the sentence on count 2 or the sentence on count 4 (People v Brown, 204 AD3d 1390, 1394 [4th Dept 2022], lv denied 39 NY3d 985 [2022]). We agreed with petitioner, however, that the sentence on count 3 could not legally run consecutively to the sentence on count 1 (id. at 1394-1395). We thus concluded that "the sentence imposed on the count of assault in the first degree must run concurrently with the sentence imposed on the count of robbery in the first degree," and "[w]e therefore modif[ied] the judgment [of conviction] accordingly" (id.). We further concluded that "the sentence as modified is not unduly harsh or severe" (id. at 1395). In light of our conclusion, we modified the judgment "by directing that the sentence imposed on count three [*2]of the indictment shall run concurrently with the sentence imposed on count one of the indictment," and as modified we affirmed the judgment (id. at 1391). 
Petitioner submitted a copy of our decision to DOCCS with a request to recalculate his aggregate sentence in accordance with our directive to run "the sentence imposed on count three of the indictment . . . concurrently with the sentence imposed on count one of the indictment" (id.). According to petitioner's submissions, DOCCS initially recalculated petitioner's sentences to reflect that the sentences on counts 1 through 4 were to run concurrently with each other. DOCCS subsequently recalculated petitioner's sentences to reflect that the sentence on count 3 would run consecutively to the sentences on counts 2 and 4. Petitioner administratively challenged that recalculation; however, DOCCS adhered to the determination that the consecutive sentencing was appropriate. Petitioner then commenced this proceeding seeking to compel DOCCS to recalculate his aggregate sentence so that the sentence imposed on count 3 of the indictment runs concurrently with all other sentences imposed on the indictment (see generally Matter of Murray v Goord, 1 NY3d 29, 32 [2003]). Supreme Court (Mohun, A.J.) dismissed the petition.
We agree with petitioner that our prior order obligated DOCCS to run the sentences on all four counts of the indictment concurrently with each other and that petitioner therefore has a clear legal right to the recalculation of those sentences (cf. Matter of Wisniewski v Michalski, 114 AD3d 1188, 1189 [4th Dept 2014]; see generally Matter of Dinsio v Supreme Ct., Appellate Div., Third Jud. Dept., 125 AD3d 1313, 1314 [4th Dept 2015], lv denied 25 NY3d 908 [2015], rearg denied 26 NY3d 1134 [2016]). Specifically, we modified petitioner's judgment of conviction by directing that the sentence imposed on count 3 run concurrently with the sentence imposed on count 1 (Brown, 204 AD3d at 1391), thereby effectively directing that the 10-year sentence on count 3 "merge in and be satisfied by discharge of the term which has the longest unexpired time to run" (Penal Law § 70.30 [1] [a]), i.e., the concurrent 12-year sentence on count 1. In support of affirmance, respondents contend that our prior order should be read as directing the sentence on count 3 to run concurrently with the sentence on count 1, but consecutively to the sentences on counts 2 and 4 (see generally People v Jeanty, 268 AD2d 675, 680-681 [3d Dept 2000], lv denied 94 NY2d 949 [2000]). Although such a sentence would have been permissible (see People v Griner, 178 AD3d 1436, 1437 [4th Dept 2019], lv denied 35 NY3d 941 [2020]), here our prior order contained no express language limiting our directive to only a partial modification of the sentence on count 3 (see Brown, 204 AD3d at 1391; cf. People v Lopez, 15 AD3d 232, 232 [1st Dept 2005], lv denied 4 NY3d 888 [2005]; Jeanty, 268 AD2d at 680-681). Further, to the extent, if any, that our prior order was ambiguous, DOCCS lacked the authority to resolve such ambiguity inasmuch as "sentencing is a judicial function and, as such, lies beyond [DOCCS's] limited jurisdiction over inmates and correctional institutions" (Matter of Garner v New York State Dept. of Correctional Servs., 10 NY3d 358, 362 [2008]; see Murray, 1 NY3d at 32). We therefore reverse the judgment in this proceeding, reinstate the petition, and grant the petition.
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court