People v Kohmescher (2025 NY Slip Op 05390)

People v Kohmescher

2025 NY Slip Op 05390

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, DELCONTE, AND HANNAH, JJ.

682 KA 17-00924

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID M. KOHMESCHER, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AMY N. WALENDZIAK OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Christopher S. Ciaccio, J.), rendered March 20, 2017. The appeal was held by this Court by order entered June 14, 2024, decision was reserved and the matter was remitted to Monroe County Court for further proceedings (228 AD3d 1334 [4th Dept 2024]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [1]), contending that the evidence of serious physical injury is legally insufficient to support the conviction. We previously held this case, reserved decision, and remitted the matter to County Court for a ruling on defendant's motion for a trial order of dismissal, on which the court had reserved decision but failed to rule (People v Kohmescher, 228 AD3d 1334, 1335-1336 [4th Dept 2024]). Upon remittal, the court (Randall, J.) denied the motion. We affirm.
We reject defendant's contention that the evidence is insufficient to establish that the victim of the assault suffered a serious physical injury as defined in the Penal Law, namely, a "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]). Here, the blow inflicted by defendant with the butt of a shotgun resulted in protracted impairment inasmuch as the victim sustained a fracture to his orbital wall that required surgical intervention, resulting in the insertion of a permanent titanium plate underneath his right eye, was unable to see out of his right eye for approximately seven months, and has permanently impaired vision (see People v Baker, 156 AD3d 1485, 1485 [4th Dept 2017], lv denied 31 NY3d 981 [2018], reconsideration denied 31 NY3d 1145 [2018]; People v Joyce, 150 AD3d 1632, 1633 [4th Dept 2017], lv denied 31 NY3d 1118 [2018]; see generally People v Felong, 192 AD3d 1664, 1666 [4th Dept 2021], lv denied 37 NY3d 955 [2021]).
We further conclude, after viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), that the verdict is not against the weight of the evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]). "Issues of credibility are primarily for the jury's determination" (People v Edwards, 159 AD3d 1425, 1426 [4th Dept 2018], lv denied 31 NY3d 1116 [2018]; see People v Witherspoon, 66 AD3d 1456, 1457 [4th Dept 2009], lv denied 13 NY3d 942 [2010]). Here, the victim's testimony "was not so inconsistent or unbelievable as to render it incredible as a matter of law" (People v Black, 38 AD3d 1283, 1285 [4th Dept 2007], lv denied 8 NY3d 982 [2007]; see Edwards, 159 AD3d at 1426), and we see no basis for disturbing the jury's credibility determinations.
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court